United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-31184
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY J. GAUDET,

Defendant-Appellant,

AUDRY GAUDET,

Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:89-CR-523-K
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Stanley J. Gaudet and Audry Gaudet appeal the district court's
order of garnishment requiring the Sheet Metal Workers' Local
Unions and Councils (LUCPF) to remit to the Government any property
in its possession up to the amount of the restitution order entered
in this criminal case. The notice of appeal was timely filed.
FED. R. APP. P. 4(a)(1)(B).

The Government contends that the court should not consider the
Gaudets's substantive issues because they were not asserted in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court. We review an "unpreserved error in a civil case using the plain-error standard of review." Crawford v. Falcon Drilling Co., Inc., 131 F.3d 1120, 1123 (5th Cir. 1997). Under the plain-error standard, "'there must be an error that is plain and that affects substantial rights.'" Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If such error is present, this court has discretion to correct the forfeited error, discretion that should not be exercised "'unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting Olano).

The Gaudets contend that the pension benefits held by the LUCPF are exempt from seizure under the anti-alienation provision of ERISA and that the garnishment order is contrary to the Supreme Court's decision in Guidry v. Sheet Metal Workers Nat'l Pension Fund, 493 U.S. 365, 376 (1990), and this court's decision in Herberger v. Shanbaum, 897 F.2d 801, 804 (5th Cir. 1990). The Gaudets contend that the district court's decision constitutes an improper retroactive application of the 1997 amendment to 29 U.S.C. § 1056(d) legislatively overruling Guidry. See United States v. Irving, 432 F.3d 401, 417 (2d Cir. 2005).

In issuing the garnishment order, the district court noted that this court had determined repeatedly that the restitution order was lawful. The district court noted that the Gaudets had not responded adequately to its order requiring them to demonstrate that the pension benefits were exempt from seizure, an issue on

which they bore the burden of persuasion. See 28 U.S.C. § 3014(b)(2). The Gaudets have not shown that the district court's decision was plainly erroneous. See Crawford, 131 F.3d at 1123.

The Gaudets contend also that the debt underlying the restitution order has been extinguished because a bonding company has compensated the union and the pension funds for their losses. There is no support in the record for this argument. Issues raised for the first time on appeal that involve factual determinations that could have been resolved in the district court generally do not rise to the level of plain error. Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

The Gaudets contend also that Audry Gaudet has a community property interest in the pension benefits. In issuing the garnishment order, the district court noted that Audry Gaudet's interest in the pension benefits had been litigated in a civil action filed by the Gaudets and had been rejected on the basis that Audry Gaudet's interest was contingent upon her husband's interest. The district court noted also that the Government's lien created by the filing of the restitution order primed the lien established by the filing of a purported qualified domestic relations order. The Gaudets contend only that, as a matter of state law, Audry Gaudet's community property interest vested at the moment of the acquisition of the property. The Gaudets have not shown that the district court plainly erred. See Crawford, 131 F.3d at 1123.

Moreover, even if we were to determine that the district court plainly erred, we would not exercise our discretion to correct the error. Any error on the part of the district court in ordering the garnishment of the union pension did not seriously affect the fairness, integrity or public reputation of judicial proceedings. See id. The district court's order is

AFFIRMED.